[No. 1968. May 24, 1917.]

## CALEDONIAN COAL CO. v. YOUNG.

### SYLLABUS BY THE COURT.

1. In order to revive a debt discharged in bankruptcy, a promise to pay the same must be clear, distinct, and unequivocal. P. 677

2. A statement of a discharged bankrupt, made to one of

his creditors that he would pay such creditor's account and all his other creditors, if he was able, does not amount to a promise, either conditional or otherwise, and does not revive the debt.                                        P. 677

Appeal from District Court, McKinley County; H. F. Raynolds, Judge.

Action by the Caledonian Coal Company against J. H. Young. Judgment for defendant, and plaintiff appeals. Affirmed.

H. B. Jamison of Albuquerque for appellant.

The promise to pay when the debtor was able is too indefinite and uncertain to constitute a condition.

Sundling v. Willey, 9 A. & E. Ann. Cas. 646; Horner v. Starkie, Admx., 27 Ill. 13; Lime v Miller, 15 N. H. 522; Cummings v. Gassett, 19 Vt. 308; Norton v. Shepard, 40 Am. R. 158; Blanc v. Blank, 43 Am. Dec. 175.

Ruiz & Overson of Gallup, for appellee.

In order to revive a debt discharged in bankruptcy the promise to pay must be absolute and unconditional, or·if conditional the party must plead and prove the happening of the contingency.

Sundling v. Willey, 19 S. D. 293, and 9 A. & E. Ann. Cas. 644 and note.

## OPINION OF THE COURT.

ROBERTS, J.   This action was instituted by appellant against appellee in the court below to recover on a promissory note for $650, alleged to have been executed January 15, 1910, and payable nine months after date, to the order of appellant, with interest. The complaint, further alleged that on the 30th day of July, 1913, appellee was adjudged a bankrupt, and that thereafter he received his discharge. It was further alleged that after adjudication and discharge of the appellee he promised appellant that he would

pay all that was due upon said note, with which promise he failed to comply. The answer set up the adjudication in bankruptcy and denied the promise to pay. The case was tried by the court without a jury, and findings of fact were made and conclusions of law stated. The court found, at the request of the appellant:

"That on March 27, 1914, J. H. Young orally promised James Sneddon, agent for the Caledonian Coal Company, that he would pay the Caledonian Coal Company account and all his other creditors if he was able."

The following conclusion of law was made by the court:

"That the conversation does not amount to a promise, either conditional or otherwise, and is not binding upon the defendant in this case."

Judgment was entered for the appellee.

[**1, 2**] The authorities uniformly agree that the promise by which a discharged debt is revived must be clear, distinct, and unequivocal. That the promise may be either absolute or conditional, but in either case it must be unequivocal, and the occurrence of the condition must be averred if the promise be conditional. Allen v. Ferguson, 18 Wall. 1, 21 L. Ed. 854. Other cases will be found in a note to Cole v. Rosene, 66 Wash, 73, 38 L. R. A. (N. S.) 577; Sundling v. Willey, 19 S. D. 293, 9 Ann. Cas. 644; Remington on Bankruptcy (2d Ed.) § 2720. We agree with the conclusion of law made by the lower court that the language employed did not amount to a certain clear and unequivocal promise to pay the debt.

Therefore the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.